# In the United States Court of Federal Claims

No. 19-152C
Filed: May 20, 2019

| | |
|---|---|
| DOE NO. 1, *et al*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Conditional Certification Of Collective |
| v. | ) Action; FLSA Collective Action; Court |
| | ) Supervised Notice. |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Linda Lipsett*, Counsel of Record, *Jules Bernstein*, Of Counsel, *Michael Bernstein*, Of Counsel, Bernstein & Lipsett, P.C., Washington, DC; *Daniel M. Rosenthal*, Of Counsel, *Alice Hwang*, Of Counsel, James & Hoffman, P.C., Washington, DC, for plaintiffs.

*Lauren S. Moore*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Juliet E. Gray*, Federal Bureau of Investigation, Washington DC, for defendant.

## MEMORANDUM OPINION AND ORDER
## REGARDING CONDITIONAL CERTIFICATION AND NOTICE

## I.      INTRODUCTION

Plaintiffs in this action are employees of the Federal Bureau of Investigation ("FBI") who, along with a group of approximately 1,000 similarly situated plaintiffs, allege that they have not been properly compensated for certain overtime hours worked under the Fair Labor Standards Act ("FLSA").  *See generally* Am. Compl.  Specifically, plaintiffs allege that they have been misclassified by the government as exempt from the FLSA and, as a result, they have worked more than 40 hours a week without receiving overtime pay at the FLSA rate.  *Id*. at ¶ 1.  And so, plaintiffs seek, among other things, back pay and liquidated damages from the government.  *Id*. at Prayer for Relief.

On May 6, 2019, plaintiffs filed an unopposed motion for conditional certification and notice, pursuant to the FLSA.  *See generally* Pl. Mot.; 29 U.S.C. § 201, *et seq.*  In their motion,

plaintiffs request conditional certification of certain claims as a collective action under the FLSA and court-supervised notice to potential opt-in plaintiffs. *See generally* Pl. Mot. Specifically, plaintiffs request conditional certification for all past and present FBI employees who occupied the Staff Operations Specialist position, and were classified as FLSA-exempt, at any time from three years prior to the date of the notice to the present. *Id.* at 1. Plaintiffs also represent that the parties are currently engaged in settlement discussions and that the government does not oppose their request to issue a notice to potential plaintiffs for purposes of effectuating a potential settlement.[1] *Id* at 1.

For the reasons set forth below, the Court **GRANTS** plaintiffs' motion and **DENIES AS MOOT** plaintiffs' motion for a status conference dated May 17, 2019.

**II.     LEGAL STANDARDS**

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). All plaintiffs in a FLSA collective action must "consent in writing to become such a party" and this consent must be "filed in the court in which such action is brought." *Id.* And so, the threshold requirements for a FLSA collective action are that plaintiffs must: (1) be similarly situated and (2) opt-in to the proposed action through the filing of consent. *Whalen v. United States*, 85 Fed. Cl. 380, 382-83 (2009).

This Court has employed a two-step approach to determine whether it is appropriate to certify a collective action. *Id.* at 383. First, the Court must make a preliminary determination of whether plaintiffs were subject to a common employment policy or plan. *Id.*; *see also Barry v. United States*, 117 Fed. Cl. 518, 520-21 (2014). In this regard, the Court has held that plaintiffs need only make a "modest factual showing" that potential class members are similarly situated. *Barry*, 117 Fed. Cl. at 521; *see also Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008). And so, "potential class members are similarly situated if they share 'common issues of law and fact arising from the same alleged [prohibited] activity.'" *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

---

[1] Plaintiffs represent, however, that the government "reserves all rights to oppose collective treatment and to seek to decertify the conditionally certified collective action," in the event settlement discussions are unsuccessful. Pl. Mot. at 2.

Second, after the parties have conducted discovery, the government has the opportunity to decertify the collective action upon the ground that plaintiffs are not in fact similarly situated. *Whalen*, 85 Fed. Cl. at 383; *see also Barry*, 117 Fed. Cl. at 520. In such circumstances, the Court must determine "'whether there is a sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed . . . on a collective basis'" using a "more demanding" standard. *Gayle*, 85 Fed. Cl. at 77.

In addition, if the Court finds that a plaintiff and other potential plaintiffs are similarly situated, the Court may authorize notice to be given to potential plaintiffs. *Hoffman-La Roche*, 493 U.S. at 170-71. This type of Court-authorized notice is designed to "avoid[] a multiplicity of duplicative suits and [to] set[] cutoff dates to expedite disposition of the action." *Id.* at 172. The Court has also recognized that "the determination of what cases merit court-approved notice is within the 'discretion' of the trial judge." *Gayle*, 85 Fed. Cl. at 80; *see also Hoffman-La Roche*, 493 U.S. at 174. But, such discretion is not without bounds. And so, "courts must be scrupulous to respect judicial neutrality" and "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche*, 493 U.S. at 174.

## III.   DISCUSSION

### A.  The Proposed Class Members Are Similarly Situated

Plaintiffs have shown that the proposed class members in this FLSA action are similarly situated. *Whalen v. United States*, 85 Fed. Cl. 380, 382-83 (2009). Plaintiffs represent that all of the proposed class members occupy the same positions and job series under the General Schedule—Staff Operations Specialist, GS-12-0301. Pl. Mot. at 1; Am. Compl. at ¶ 1. Plaintiffs also represent that the proposed class members are all employed by the FBI and that these employees have been classified by the FBI as FLSA-exempt from at least 2016 to the present. Pl. Mot. at 1; *see also* Am. Compl. at ¶¶ 12-16; *Boggs v. United States*, 139 Fed. Cl. 375, 379 (2018) (conditionally certifying a class of individuals who were classified as FLSA-exempt by the Bureau of Alcohol, Tobacco, Firearms, and Explosives); *Barry*, 117 Fed. Cl. at 521-22 (conditionally certifying a class of employees who had their FLSA exemption status converted from exempt to non-exempt). Because plaintiffs have shown that the potential class members in this action share "'common issues of law and fact'" regarding their employment and FLSA-exempt status, plaintiffs have satisfied the "modest factual showing" required to demonstrate that

plaintiffs are similarly situated. *Barry*, 117 Fed. Cl. at 521 (citing *Hoffman-La Roche*, 493 U.S. at 170); *see also Gayle*, 85 Fed. Cl. at 77.

### B.  The Court Approves The Proposed Notice And Procedures

A careful reading of the notice of collective action and notice procedures proposed by the parties also shows that the notice and proposed procedures are appropriate and will avoid the appearance of judicial endorsement of the merits of this action. *See Hoffman-La Roche*, 493 U.S. at 174; *Gayle*, 85 Fed. Cl. at 80.  Plaintiffs represent in their motion that the parties have agreed to the proposed notice filed with plaintiffs' motion and to the procedure by which this notice will be given. Pl. Mot. at 3-4.  The parties' proposed notice appropriately: (1) informs potential plaintiffs that they may be deposed or required to testify; (2) sets out the arrangements for attorney fees and costs; and (3) notifies potential plaintiffs that they are free to file their own lawsuit. *Id.* at 3; *see Boggs*, 139 Fed. Cl. at 379 (authorizing a notice that informs potential plaintiffs they may be deposed or required to testify, sets out attorneys' fees, and notifies potential plaintiffs that they have a right to be represented by an attorney of their choice); *see also Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 566-67 (S.D.N.Y. 2012) (citing *The Fair Labor Standards Act*, 19-78-79 (Ellen C. Kearns *et al.*, 2d ed. 2010) (listing items that should be included in a court-authorized notice)).  The proposed notice also avoids the appearance of judicial endorsement of the merits of this action.  *Hoffman-La Roche*, 493 U.S. at 174.  And so, the Court approves the parties' proposed notice to be sent to potential plaintiffs in this action.

Lastly, the Court also approves the following procedures by which notice will be given to potential plaintiffs, as agreed to by the parties:

Subject to the Protective Order entered in this case, dated May 16, 2019, the government will provide plaintiffs' counsel the names, email addresses, and postal home addresses of potential plaintiffs within 20 days of the date the Court enters an order granting plaintiff's motion for conditional certification of and notice, or approves the Protective Order, whichever occurs later.  Plaintiffs' counsel will then promptly send the notice by email and first-class mail, along with an enclosed self-addressed stamped envelope to potential plaintiffs for return by no later than 120 days from the date the notice is mailed.  The email will contain only the Court-approved notice and no other language.  The subject line of the email will be "**Legal Notice of**

**Collective Action and Opportunity to Join**.”  The envelope sending the notice sent to postal addresses will have printed on the outside “**Legal Notice of Collective Action and Opportunity to Join**.”  To the extent the notice is undeliverable to potential plaintiffs’ email or postal addresses, if necessary, the parties will confer within no more than five business days of plaintiffs’ counsel so notifying government counsel.

After notice is sent once by email and first-class mail, plaintiffs’ counsel may send a second identical notice by first-class mail to potential plaintiffs from whom they have not received a consent form approximately one month before the deadline for receipt of consent forms.  Likewise, for plaintiffs whose mailed notices were returned as undeliverable, plaintiffs’ counsel may send a second identical notice via email if efforts to obtain a correct mailing address are unsuccessful.  However, both for the purposes of settlement and potential recovery of costs, plaintiffs will bear the cost of sending a second postal mailing, which will not be reimbursed by the United States.

## IV.   CONCLUSION

For the reasons discussed above, the Court:

1.   **GRANTS** plaintiffs’ unopposed motion for conditional class certification;

2.   **APPROVES** the parties’ proposed notice to all potential plaintiffs agreed upon by the parties;

3.   **APPROVES** the parties’ proposed procedures by which that notice will be given; and

4.   **DENIES AS MOOT** plaintiffs’ motion for a status conference.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge